## IRVING H. PERLMUTTER v. CAROL C. JOHNSON (3366)

BORDEN, SPALLONE and BIELUCH, Js.

Argued October 11, 1985—decision released February 25, 1986

*Carol C. Johnson,* pro se, the appellant-appellee (defendant).

*Roger J. Frechette,* with whom, on the brief, was *Irving H. Perlmutter,* pro se, for the appellee-appellant (plaintiff).

BIELUCH, J. This appeal by the pro se defendant, Carol C. Johnson, arises out of an action instituted by the plaintiff, Irving H. Perlmutter,[1] for attorney's fees owed to him by Johnson. The fees were incurred as a result of Perlmutter's initiation of two actions on Johnson's behalf.[2] Johnson paid a portion of Perlmutter's bill, but has refused to pay the remainder. Perlmutter therefore instituted the present action.

The trial court concluded that Perlmutter's claims were based on a theory of quantum meruit and awarded Perlmutter a total of $4574.06, representing a reasonable fee for Perlmutter's services in the two cases plus his disbursements. The figure was significantly less than Perlmutter had sought. The court declined to award Perlmutter interest.

Johnson has raised several claims of error, only five of which we will discuss here.[3] In addition, by his cross appeal, Perlmutter has raised six claims of error.[4] We find no error on the appeal, but do find error on the cross appeal.

---

[1] The plaintiff has also filed a cross appeal which will be discussed herein.

[2] See *Johnson* v. *Fuller,* 190 Conn. 552, 461 A.2d 988 (1983); *Johnson* v. *Zoning Board of Appeals of Branford,* 2 Conn. App. 24, 475 A.2d 339, cert. denied, 194 Conn. 806, 482 A.2d 711 (1984), cert. denied, 471 U.S. 1066, 105 S. Ct. 2141, 85 L. Ed. 2d 498 (1985). The facts of those cases are adequately set forth therein.

[3] The remainder of Johnson's claimed errors constitute an attempt to dispute the factual findings of the trial court. We will not upset those findings. Practice Book § 3060D.

[4] Only three of those claims were briefed. We therefore deem the remainder to have been abandoned. Practice Book § 3060F (a).

We note at the outset that Johnson's brief and reply brief both fail to comply with the requirements of Practice Book § 3060F. The briefs do not contain a statement of the issues presented. Further, they do not contain anything more than a rambling description of the facts of the two cases underlying the present action. No legal arguments are contained in the briefs. On the basis of the briefs, the record, and Johnson's original preliminary statement of issues, however, we will nonetheless review all claims which are "fairly presented, or at least, reasonably discernible, upon the record before us." *Shuster* v. *Buckley,* 5 Conn. App. 473, 476 n.2, 500 A.2d 240 (1985).

Johnson has made claims of error pertaining to the decision of the trial judge, *Levine, J.,* denying two motions to recuse himself from sitting on this case. The first of these motions was based on Johnson's claims (1) that "issues involved herein are under consideration by the Appellate Court,"[5] (2) that Judge Levine was also in the process of ruling on another case at the time of trial which involved both parties to this action, and (3) that, in the other case, Judge Levine had inquired as to why Perlmutter was using a cane for assistance in walking, and as to Perlmutter's wife's health. We conclude that the judge was correct in refusing to recuse himself in this instance.

Proof of actual bias on the part of the court is not required to demonstrate that the trial judge should have disqualified himself. *Cameron* v. *Cameron,* 187 Conn. 163, 170, 444 A.2d 915 (1982). Rather, the appearance of impropriety is as important as the reality where the court is concerned. Id.

---

[5] The "issues" of which Johnson spoke were involved in the appeal by Johnson of one of the cases for which Perlmutter's fee was in dispute. It should be obvious that an appeal of which the court was unaware until Johnson mentioned it, and which did not involve a ruling made by Judge Levine, could have little bearing on the court's impartiality.

In the present case, the trial court admirably demonstrated its impartiality in permitting Johnson, as a pro se litigant, a broad latitude in trying his case. With regard to Johnson's remaining claims, the assertion that Judge Levine was also considering another case involving these parties at the time of trial, is unsubstantiated. There was no argument presented on this claim beyond the bald statement. Neither the parties nor Judge Levine referred to any such trial after it was first raised by Johnson. We do, however, take judicial notice that the judgment was affirmed by this court recently in *Linden Shore District* v. *Johnson,* 4 Conn. App. 225, 493 A.2d 901, cert. denied, 197 Conn. 803, 495 A.2d 282 (1985), an action for foreclosure of municipal tax liens on lands owned by Johnson. Perlmutter moved to be made a party defendant in that case because he claimed an interest in the land there at issue by virtue of an attachment which he had filed in the present case. He subsequently, however, filed a statement of no defense to that action before trial. Thus, the mere fact that Judge Levine tried that prior case did not mandate his disqualification in the present case. Prior appearances of a party before a trial judge do not, in themselves, reflect in any way upon the judge's impartiality to decide the merits of the case before him.

Finally, with respect to Johnson's claim that the judge inquired as to Perlmutter's use of a cane, and as to his wife's health, the mere fact that he inquired into Perlmutter's use of a cane, while indicative of a prior acquaintance with Perlmutter, is not a showing of bias in any way. Perlmutter is a practicing attorney and Johnson, as an attorney himself, could not reasonably have expected that Perlmutter would be unknown to the judges of the Connecticut courts. Such prior professional dealings, however, do not demonstrate a personal bias in favor of Perlmutter.

As to Judge Levine's inquiry as to Mrs. Perlmutter's health, Judge Levine stated that he did not remember making any such inquiry. Even such an inquiry about Mrs. Perlmutter's condition, if made, however, would be innocuous. The "taking of the silk" by a judge does not bar him from wearing the fabric of ordinary social civility in the presence of all persons, lay or professional.

It should also be noted that Johnson was notified three weeks prior to trial that the case would be heard by Judge Levine. He failed to move for disqualification until the date of trial and, even then, he failed to apprise Judge Levine of his objections during a conference in chambers just prior to the commencement of trial. Under these circumstances, we conclude that the court was correct in denying Johnson's motion.

Johnson's second claim of error regarding disqualification is that Judge Levine engaged in a hushed conversation with opposing counsel at the bench when he knew that Johnson was hard of hearing. Johnson further claims that he demanded to know what the conversation was about, but that Judge Levine refused to say, stating only to the plaintiff that "I may want you to amend your complaint." Unfortunately, we can find no evidence of such a verbal exchange in the transcript of the case. Neither Johnson's brief nor his reply brief refer to any pages in the transcript demonstrating that Johnson made any objection to Judge Levine in this regard, nor does the appendix to his reply brief, which contains copies of seventy-two randomly selected transcript pages, provide us with any evidence of such an objection. We therefore decline to consider this claim.

Both Perlmutter and Johnson have claimed error in the court's decision to award damages based on the theory of quantum meruit.[6] Both parties are in agreement

---

[6] Ironically, Johnson asserts that the court established a $100 per hour rate pursuant to its use of the quantum meruit theory while Perlmutter

that the quantum meruit theory should not be used where there is an express agreement as to the amount to be paid for the services rendered. They further agree that they had contracted for a rate of $65 per hour to be charged to Johnson for Perlmutter's services, although they disagree regarding Perlmutter's claim that this rate was the result of a negotiated "professional courtesy" discount from his usual fee of $100 per hour.

The trial court concluded that the allegations of Perlmutter's complaint[7] sounded in quantum meruit rather than in contract. The court noted, however, that the case was tried on an express contract theory and that the parties agreed upon the actual hourly figure which had been arranged. On the basis of this variance between the pleadings and the proof at the trial, the court invoked Practice Book § 193, concluding that the rule was authority for the court's use of quantum meruit as the theory upon which Perlmutter should recover. Thus, the court found Perlmutter to be entitled to $4574.06 in damages, which figure included Perlmutter's claim for amounts disbursed by him as well as for his fees. We conclude that this was error.

Practice Book § 193 permits the plaintiff to recover a price different from that alleged "if the proof fails to establish the price alleged." In the present case, however, the proof was uncontradicted regarding the price to which the parties agreed. Thus, their agreed price was established and was the only price in evidence before the court. The court, therefore, erred in finding that any other rate of payment was appropriate.

asserts that the rate thus established was approximately $49 per hour. Given the number of hours which Perlmutter claims to have spent on the matters at issue, this latter figure seems more accurate. Johnson's figure bears no relation to the amount which the court actually awarded.

[7] Paragraph one of the complaint stated that the parties had an agreement regarding "reasonable fees." Paragraph two stated a total amount due in accordance with that agreement. No hourly rate was alleged.

Because the trial court made no finding with regard to the number of hours expended by Perlmutter, it is necessary for us to remand this matter for a hearing limited to a determination of the number of hours so expended.

Johnson's final claim relates to the court's error "in not condemning" Perlmutter for retaining $2391.66 paid to him by the Branford board of zoning appeals, which amount represented reimbursement of taxable costs due Johnson in a prior matter. This claim is also without merit.

Perlmutter never used those funds. Rather, he disclosed their existence to both Johnson and the court when his complaint was filed and stated that those funds were being held in escrow pending a final determination of his rights thereto. He further stated that he had notified Johnson when he received the funds. Under these circumstances, we conclude that Perlmutter correctly placed these funds in escrow and that he was not to be condemned for such action. See Code of Professional Responsibility, Disciplinary Rule 9-102 (a). We further note that the court was correct in permitting Perlmutter to keep these funds as an offset. It has long been held that an attorney has "an equitable lien upon the avails [of his actions for a client] for the services and expenses in the suit." *Cooke* v. *Thresher,* 51 Conn. 105, 107 (1883). In the present case, Perlmutter's undisputed testimony was that he obtained the funds on Johnson's behalf as a result of an action which he undertook as Johnson's attorney. He, therefore, had a lien upon those funds.

Perlmutter's cross appeal raises one final claim, namely, that the court erred in failing to award him interest, as damages on his award. See General Statutes § 37-3a. Such an award is a matter which is within the discretion of the trial court. *Sperry* v. *Moler,* 3

Conn. App. 692, 694, 491 A.2d 1115 (1985). We conclude, upon the record, that the court did not abuse its discretion in this case.

There is no error on the appeal. There is error on the cross appeal, the judgment is set aside and the case is remanded for a hearing limited to the issue of the number of hours which Perlmutter expended in connection with his efforts on behalf of Johnson; upon a determination of that number of hours, judgment is to be rendered for Perlmutter in the agreed amount of sixty-five dollars multiplied by the number of hours so found, plus disbursements, less a setoff for Johnson's funds held by Perlmutter in his clients' funds account.

In this opinion the other judges concurred.