ALLAN PAGNI ET AL. *v.* PHYLLIS CORNEAL ET AL.,
COEXECUTRICES (ESTATE OF MILDRED BROWNING)
(4407)

DUPONT, C. J., BIELUCH and NORCOTT, Js.

Argued October 7, 1987—decision released February 16, 1988

*William J. Anastasi,* for the appellants (defendants).
*David E. Wyskiel,* for the appellees (plaintiffs).

NORCOTT, J. The defendants[1] appeal from the judgment rendered by the trial court for the plaintiffs in this contract action. The defendants claim that the trial court erred (1) in denying the defendants' motion to

---

[1] The defendants are coexecutrices of the estate of Mildred Browning.

dismiss made at the close of the plaintiffs' case, (2) in allowing the plaintiffs to amend their pleadings at the close of evidence to include a claim of quantum meruit, thus conforming the pleadings to the evidence, (3) in eliciting testimony from plaintiff Janet Pagni regarding the reasonable value of her services to the decedent, Mildred Browning, and (4) in holding an in-chambers conference at which a possible settlement was discussed. We find no error.

The plaintiffs alleged and produced evidence that in September, 1980, the plaintiffs entered into an oral agreement with the defendants to provide personal care for the decedent. The defendant Phyllis Corneal was acting under a power of attorney at the time the agreement was entered into. Under the terms of the agreement, the plaintiffs were required to provide constant care for the decedent every week from Monday through Friday. The plaintiffs were to have their weekends free, however, and were to be relieved by one of the defendants on Saturday morning. As compensation for the care they were to provide, the plaintiffs were to receive free rent and utilities at the decedent's place of residence.

The plaintiffs moved into the decedent's residence on October 18, 1980, and began providing the agreed upon care. The plaintiffs provided this care until the decedent's death on December 24, 1981. During this period of time, the plaintiffs were relieved by the defendants for only one day of each of two weekends. The plaintiffs remained with the decedent the remaining weekends. While she was living, the decedent promised to pay the plaintiffs for the additional care they provided to her on weekends. In addition, the decedent promised to leave the plaintiffs money in her will as consideration for the extra weekend care.

I

The defendants' first claim is that the trial court erred in denying their motion to dismiss made at the close of the plaintiffs' case. The defendants argue that the plaintiffs failed to make a prima facie showing of any sort of legally compensable harm. We disagree.

"Whether the [plaintiffs] made out a prima facie case, [presents] a question of law for the court. *Falker* v. *Samperi*, 190 Conn. 412, 419, 461 A.2d 681 (1983). 'The test is whether plaintiff's evidence is sufficient, in point of law, to make out a prima facie case in his favor.' *Ace-High Dresses, Inc.* v. *J.C. Trucking Co.*, 122 Conn. 578, 580, 191 A. 536 (1937)." *In re Juvenile Appeal (85-1)*, 3 Conn. App. 158, 160, 485 A.2d 1355 (1985). In deciding this question of law, it is "the duty of the trial court to take as true the evidence offered by the plaintiff[s] and to interpret it in the light most favorable to [them], with every reasonable inference being drawn in [their] favor." *Berchtold* v. *Maggi*, 191 Conn. 266, 271, 464 A.2d 1 (1983). If, after viewing the evidence in a light most favorable to the plaintiffs, the court could not reasonably find the essential issues on the complaint in their favor, a judgment of dismissal is appropriate. *Hinchliffe* v. *American Motors Corporation*, 184 Conn. 607, 609, 440 A.2d 810 (1981).

After reviewing the record, we agree with the trial court that a judgment of dismissal was not appropriate in this case. At trial, the plaintiffs produced testimony that the parties had entered into an agreement which provided that the defendants were to relieve them of their responsibility for the decedent every weekend. They produced evidence that the defendants, in fact, relieved them on only two of the sixty-one weekends during which the plaintiffs cared for the dece-

dent and then, only in part. Additionally, they produced evidence that the decedent had agreed to compensate them for the extra care provided.

Interpreting these facts in a light most favorable to the plaintiffs, a rational trier could have found that the parties had entered into a contract and that the defendants had breached that contract. A rational trier could have concluded that because of that breach the plaintiffs were required to perform necessary and valuable services for which they were never compensated. Additionally, the trier could have found that the plaintiffs had entered into a contract with the decedent to provide care for her on weekends. See *Ubysz* v. *DiPietro,* 185 Conn. 47, 51–52, 440 A.2d 830 (1981). These are precisely the allegations made by the plaintiffs in their complaint. Accordingly, we find that the trial court did not err in denying the defendants' motion to dismiss.

II

The defendants' second claim is that the trial court erred in allowing the plaintiffs to amend their complaint at the close of the evidence to include a claim of quantum meruit. The defendants argue that the plaintiffs' original complaint alleged a breach of an express contract and that a claim of quantum meruit was totally inconsistent with that allegation. We disagree.

Practice Book § 178 provides that "[i]n all cases of any material variance between allegation and proof, an amendment *may* be permitted at any stage of the trial. . . . *Immaterial variances shall be wholly disregarded.*" (Emphasis added.) It has long been established that a claim of quantum meruit is not a material variance from a claim sounding in express contract. *Fuessenich* v. *DiNardo,* 195 Conn. 144, 151–52, 487 A.2d 514 (1985); *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 272, 287 A.2d 374 (1971); *Strimiska* v. *Yates,* 158 Conn. 179, 183, 257 A.2d 814 (1969);

*Shmilovitz* v. *Bares,* 75 Conn. 714, 715–16, 55 A. 560 (1903). Furthermore, we note that Practice Book § 193 provides in relevant part that "[i]n an action for goods sold at a reasonable price, [the plaintiff] may recover a different or a reasonable price, if the proof fails to establish the price alleged; and the like rule shall prevail in actions for work done, materials furnished, or use and occupation of land." Accordingly, we find that the trial court did not err in allowing the complaint to be amended to include a claim of quantum meruit.[2]

### III

The defendants' third claim is that the trial court erred in questioning the plaintiffs as to the reasonable value of the services they performed for the decedent. Because we find that the plaintiffs' complaint was broad enough to include a claim sounding in quantum meruit, we hold that the trial court did not abuse its discretion in questioning the plaintiffs. *Hutchinson* v. *Plante,* 175 Conn. 1, 3, 392 A.2d 488 (1978).

### IV

The defendants final claim of error is that the trial judge's attempt in chambers to settle the case after the conclusion of the testimony of one of the defendants showed partiality and bias. We first note that the content of the alleged chambers discussion is not part of the record before us. We further note that at no time during the trial did the defendants make a motion for recusal or a motion for mistrial alleging that the judge had acted improperly. Our courts have repeatedly held that we will not review claims of judicial bias where neither a motion to recuse nor a motion for mistrial

[2] In *Perlmutter* v. *Johnson,* 6 Conn. App. 292, 297, 505 A.2d 13, cert. denied, 200 Conn. 801, 509 A.2d 517 (1986), we held that Practice Book § 193 precludes the use of quantum meruit when the parties agree to the value of the services performed. This exception, however, does not apply to the present case.

was made. *Krattenstein* v. *G. Fox & Co.,* 155 Conn. 609, 615–16, 236 A.2d 466 (1967); *Trapp* v. *Trapp,* 6 Conn. App. 143, 145, 503 A.2d 1187 (1986). Accordingly we decline to review this claim.

There is no error.

In this opinion the other judges concurred.