DOUGLAS S. LLOYD, COMMISSIONER OF
HEALTH SERVICES *v.* ROSA GERL
(5378)

SPALLONE, DALY and NORCOTT, Js.

Argued January 20—decision released March 15, 1988

*Richard Altschuler,* with whom, on the brief, was *Donald Altschuler,* for the appellant (defendant).

*Paul J. Lahey,* assistant attorney general, with whom were *Richard J. Lynch,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, for the appellee (plaintiff).

NORCOTT, J. The defendant, a licensee of a home for the elderly, appeals from the trial court's assessment of a $9000 civil penalty imposed pursuant to General Statutes § 19a-526 for the failure to manage the patients' personal funds properly.

The facts underlying this case are not in dispute. On September 19, 1984, the plaintiff issued a citation to the defendant pursuant to General Statutes § 19a-524 alleging violations of General Statutes § 19a-551 regarding record keeping of the patients' personal funds.[1] In

---

[1] The citation alleged that the defendant failed to provide documentation (1) that each patient was provided with a written statement explaining his rights regarding his personal funds and listing the charges which may be deducted, (2) that written consent had been obtained to manage the patients' personal funds, (3) that signed receipts for each expenditure had been obtained, and (4) that an individual itemized record of income and expenditures was provided to patients.

accordance with General Statutes § 19a-525 (b), the defendant was given an opportunity to respond to the citation at an informal conference on September 26, 1984. The defendant did not appear.

On October 3, 1984, a formal contested hearing was held at the department of health services. No one appeared on behalf of the defendant at the hearing. On December 27, 1984, the plaintiff issued a decision in which he found that the defendant had committed the violations alleged in the citation. Pursuant to General Statutes § 19a-528, the plaintiff ordered a civil penalty of $1000 per diem to be assessed against the defendant.[2] The order for the penalty was to commence thirty days from the date of the decision.

Thereafter, on August 28, 1985, the plaintiff filed an application in the trial court seeking an order enforcing the civil penalty. Shortly thereafter, the defendant notified the plaintiff that she had corrected the violations. In October, 1985, the defendant unsuccessfully attempted to file an appeal to the Superior Court from the plaintiff's December 27, 1984 ruling. The appeal was dismissed as being untimely filed. No further appeal was taken on this action.

On May 15, 1986, the plaintiff filed a motion in the Superior Court pursuant to General Statutes § 19a-526 (a) for determination of the number of days the civil penalty should be enforced. On July 14, 1986, the trial court found that the violation had continued for nine days and ordered that a civil penalty of $9000 be assessed against the defendant. On August 8, 1986, the defendant filed the present appeal from the assessment of the civil penalty.

---

[2] The penalty was imposed pursuant to General Statutes § 19a-528. The citation issued to the defendant classified the violation as a Class C violation. General Statutes § 19a-527 (c) provides that Class C violations shall have a civil penalty imposed of not less than $500 nor more than $1000 dollars per diem.

In this appeal, the defendant claims that the statutes she was found to have violated are unconstitutional on their face for several reasons and that they were improperly applied to her in this case. She also claims that the trial court erred in not allowing her to assert these claims at the hearing at which the penalty was imposed.[3] We find that the trial court properly refused to consider these claims at the hearing at which the penalty was imposed, and, accordingly, we refuse to consider them on appeal.

Under General Statutes § 19a-526 (a), after the plaintiff filed its finding that the defendant had failed to correct the violations of General Statutes § 19a-527 (c), the trial court was limited to making a simple mathematical determination of the number of days for which the civil penalty should be enforced, said violation already having been established by the administrative agency. The court was not authorized to hear, at that time, challenges to the constitutionality of the statutes or the application of those statutes to this case. Had the defendant desired to raise these claims, she should have done so at the administrative hearing or upon direct appeal from that hearing as is provided for by General Statutes § 19a-529.

" '[Our Supreme Court] . . . has repeatedly affirmed the principle that when an adequate administrative remedy is provided by law, it should be exhausted.' *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 357, 377 A.2d 1099 (1977)." *Laurel Park, Inc.* v. *Pac,* 194 Conn. 677, 689, 485 A.2d 1272 (1984). An exception to that doctrine has been created allowing a party to raise issues concerning the constitutional propriety of an administrative ruling, but only

---

[3] Additionally, the defendant raises a claim of judicial bias. The defendant did not raise this claim below and hence, we refuse to consider it on appeal. *Pagni* v. *Corneal,* 13 Conn. App. 468, 472–73, 537 A.2d 520 (1988).

when the party can show (1) that he or she did not deliberately bypass the administrative process, and (2) that his or her opponent did not argue the foreclosing effect of the failure to follow the administrative process. *Connecticut Light & Power Co.* v. *Norwalk,* 179 Conn. 111, 117, 425 A.2d 576 (1979). In this case, the defendant fails both tests. Her unexcused failure to appear before the administrative agency and her subsequent failure to appeal from the original administrative determination shows a complete disregard for the administrative process. Further, the plaintiff argued in the trial court the foreclosing effect of the defendant's failure to exhaust her administrative remedy. Accordingly, we will not review the defendant's claims.

There is no error.

In this opinion the other judges concurred.