[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is related to Case # CV 92 051 40 34, King and Tuthill Architects vs. J. Martin Hennessey, decided by the court this date. The cases were tried consecutively, the plaintiffs in both cases being represented by the same attorney and the defendant being represented by the same attorney. Some of the exhibits in the Tuthill case were by stipulation of the parties made exhibits in this the Strauss case.
The facts are as follows. King and Tuthill are architects. Mr. Hennessey contacted the architects in October 1988 to perform architectural design services in connection with a 100 Unit Affordable Housing Complex which he planned to construct in Hartford. The original proposal from King and Tuthill was to do all of the Architectural Services, which would include the use of outside disciplines, such mechanical electrical, structural, and civil engineering design work. The price quoted was $148,700, and $153,200 in a later proposal. This did not include the obtaining of an A-2 survey, which is additional civil engineering, which was estimated to cost no more than $10,000.00.
No written contract was signed. In April 1989 it became urgent that the project work start immediately and be completed in design plans by the end of June 1989 so that the plans be submitted to the Building Inspector for approval before the moratorium on such building activity came into effect.
The work commenced post haste without a written contract. The defendant used persons of his choice, and arranged directly with them, to do much of the work, such as structural engineering, mechanical engineering, plumbing, etc. The entire Civil Engineering work had to be accomplished, including the A-2 survey, grading, parking layout, curbs, gutters, drainage and utilities.
Mr. Tuthill suggested and recommended to Mr. Hennessey that Strauss Engineering be used for this purpose. CT Page 10834 Mr. Hennessey agreed. If Mr. Hennessey had someone else in mind he could have chosen some other person, as he had done with the other disciplines.
Mr. Tuthill contacted Mr. Strauss with the direction from Mr. Hennessey to get the work done. There was no specific written contract or oral contract between Mr. Strauss and Mr. Hennessey as to the amounts to be paid for getting the work done, either by direct contact with Mr. Hennessey or through Mr. Tuthill. The direction was to get the work done because of the urgent time constraints.
Mr. Strauss did the work. This included the A-2 survey, for which he charged $8,275, which is less than the $10,000 estimated for the Survey. He did the other civil engineering work, site plan layout etc., for which he charged $10,850.00 In August the City requested additional Civil Engineering work, which Mr. Strauss performed at a charge of $2,356.25.
The charges for this work was fair and reasonable for the work performed. Mr. Tuthill charged separately, for the architectural services only, as the original proposal that he assume the performance for all the discipline, for $150,000± was not accepted. Mr. Tuthill's fees for his work was $59,790.53. None of that billing was for the work of any other discipline, civil engineering, electrical engineering, structural engineering, plumbing or the like.
Mr. Strauss billed the Hennessey Company. See exhibits I and J. The bills were sent through, or "c/o" King and Tuthill, directed to the defendant.
There was no written contract between the plaintiff and the defendant. However, there is no question, from the evidence, that the defendant appointed Tuthill to act as his agent for the purpose of retaining Strauss to do the engineering work. And that Tuthill accepted such appointment. And further that the engineering work required, as well as all of the other aspects of the project remained within the control of the defendant. The existence of agency is a question of fact. See Botticello v. Stephanovicz, 177 Conn. 22,25, 26. The civil engineering work, as well as the other disciplines, was not part of the Architectural work of Tuthill. The defendant entered into an oral contract with the plaintiff Strauss, through the agency of Tuthill for this CT Page 10835 purpose of contracting for the defendant, to have Strauss perform these engineering services. The plaintiff performed the services for the defendant and is entitled to be paid the reasonable value of said services. If there were no contract the plaintiff is still entitled to payment for the reasonable value of said services under the doctrine of quantum meriut. See Pagni v. Corneal, 13 Conn. App. 468, 471; Cecio Bros. v. Feldman, 161 Conn. 265, 272.
The reason given by the defendant for non-payment is that the financing upon which the defendant relied from CHFA failed to come to fruition. The court finds that this was not a condition of any understanding between the parties as to these engineering services. No such theory was ever communicated to Mr. Strauss by anyone, nor was any direction given by anyone to communicate any such theory to Mr. Strauss.
The court finds that the claimed work was performed by the plaintiff, that the fees and charges therefore were fair and reasonable, and that the defendant is indebted to the plaintiff in the amount of $21,481.25 for the work performed.
The court does not award pre-judgment interest. The court takes into consideration the fact that Mr. Hennessey's defense was not frivolous, though erroneous, and that he energetically litigated his claims against the City of Hartford to attempt to rectify the erroneous denial of his building project and/or to seek damages for such improper refusal. There was neither "bad faith nor wrongdoing" on his part. See O'Hara v. State, 218 Conn. 628, 644, Cecio Bros., Inc. v. Waldman, 161 Conn. 265, 275.
The court enters judgment for the plaintiff in the amount of $21,481.25.
L. Paul Sullivan, J. CT Page 10836