[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Ralph Viscuso and Filomena Viscuso, have brought suit claiming that the defendant, Custom Woodcraft Interiors, Inc., failed to construct kitchen cabinetry work at their new home in a workmanlike manner and that it failed to complete the installation of the cabinets. The defendant has counterclaimed alleging that the plaintiffs failed to pay for additional work performed by the defendant at their request.
In their revised complaint, the plaintiffs alleged a further cause of action based on an alleged failure by the defendant to be licensed as a home improvement contractor. At trial, their counsel stated that the plaintiffs were abandoning this claim. The plaintiffs have filed no special defense to the defendant's counterclaim.
English is not the primary language of either the plaintiff, Ralph Viscuso, or of Carlo Ferri, the representative of the defendant corporation with whom Mr. Viscuso dealt. Mr. Ferri testified that he and the plaintiffs had communicated in Italian during their transactions. Both appeared to have some difficulty with English idiom. The court has accepted the witnesses' apparent choice to trust that their understanding of the questions they responded to at trial was accurate; and by asking for repetitions of answers as necessary, the court has striven to understand all the testimony.
The only witnesses at trial were Mr. Viscuso, Mr. Ferri, and Donald Norman, who prepared an estimate of the cost of repairing various claimed defects.
The court finds the facts to be as follows.
Mr. Viscuso, an electrical contractor who had a prior acquaintanceship with Mr. Ferri, a principal in the cabinet-making business known as Custom Woodcraft Interiors, Inc., asked Mr. Ferri to construct and install cabinets and countertops for the kitchen of the new home he and his wife were building. Mr. Ferri prepared a diagram (Ex. 2) of the kitchen and the cabinets as Mr. Viscuso requested them to be aligned. This diagram, as CT Page 11756 originally sketched, depicts only the lower cabinets and countertops, including an island, however both witnesses testified that the original plan was to have straight upper cabinets on two sides of the kitchen with no corner cabinets. The parties verbally agreed that the cabinets would be topped with crown molding and would be constructed of unstained natural oak with a clear finish. The agreed price for the work, including tax and installation, was $15,991.
The court finds that construction of the kitchen was completed at the time the defendant completed the cabinets but that installation of the island was delayed because of its size and difficulty in installation. Construction of the cabinets was delayed to some extent because of the need to make adjustments for the plaintiffs' choice of appliances but much of the delay was occasioned by the defendant.
The parties' agreement provided for the cabinets on the opposite sides of the kitchen to be 30-3/4" deep. The plaintiffs bought a refrigerator that was deeper than 30-3/4", but since they desired the refrigerator to be flush with the counter, rather than protruding, they requested that the defendant cut into the framing of the wall and recess the refrigerator. Achieving a flush surface resulted, however, in the door to the refrigerator bumping the door to the built-in microwave oven next to it. The plaintiffs therefore asked the defendant to relocate that oven and to rearrange other cabinets to accommodate this change. The plaintiffs also decided that they wanted a corner cabinet on the right side of the kitchen, rather than the straight row of cabinets agreed to. This change required the defendant to rebuild the upper cabinets on the right side to adjust to the location of lights that had been installed by the plaintiffs. These replacement cabinets were built a considerable time after the original ones from oak purchased at a later time.
After a long delay, the defendant delivered the replacement cabinets for the right wall of the kitchen. The project was then left uncompleted and this suit was instituted. When Mr. Ferri returned to put on door handles and other tasks, the plaintiffs acted in an angry manner, and the defendant refused to return to complete the installation. The plaintiffs refused to pay the remaining balance of $2,991.
The plaintiffs have claimed both lack of completion of the project set forth in the contract and defective workmanship. CT Page 11757 Because of the admitted failure to complete installation, it is not clear which of the photographs presented by the plaintiffs constitute defects and which are the results of loose cabinets that have not been fully installed. The plaintiffs presented no expert as to standards of workmanship. Some defects were conceded by Mr. Ferri. Others were elicited by his lawyer from Mr. Norman on cross examination despite the lawyer's objection to the plaintiffs asking any questions of that witness concerning the standards of workmanship, based on the plaintiffs' failure to file the disclosure required by Practice Book § 220(d).
The plaintiffs proved by a preponderance of the evidence that the following items are either uncompleted items covered by the parties' agreement or defects so obvious that no expert testimony was necessary to prove them. The dollar figures listed are the amounts the court finds are the cost of remedying the defects or completing construction.
1. missing crown moldings $ 500.00
2. missing fillers to adjust gaps and cracks 125.00
3. reface mitered surfaces to correct nail holes 300.00
 4. level the cabinets to adjust for present gaps 500.00 ------ Total $ 1,425.00
The plaintiffs also seek damages to correct what they describe as differences in color in the cabinets. The photographs presented do not show such differences, and any slight variation in hue is likely to be the result of the plaintiffs' belated decision to add a corner cabinet, necessitating reconstruction of one set of upper cabinets from wood purchased later. The court does not find that a variation in wood tone that arises from the plaintiffs' revision of the project can be said to constitute a defect caused by the defendant.
The plaintiffs also seek $800.00 as the cost of putting the microwave oven back to the place it originally occupied on the plan. Since it was their choice to relocate it in order to accommodate the refrigerator they chose, the court does not find that the defendant has any responsibility for their present change of mind. CT Page 11758
The court finds that the defendant is liable to the plaintiffs in the amount of $1,425.00 for contract work it failed to complete or that needs the corrections listed above.
Counterclaim
The defendant has filed a counterclaim, however in that counterclaim the defendant has not sought the unpaid balance due on the March 6, 1989 contract. The defendant instead alleges that the plaintiffs requested additional cabinet work for which they have failed to pay.
The defendant did not present any evidence as to the cost or value of additional work performed because of changes in the layout of the cabinets in the kitchen. While such work was clearly done, no evidence was presented from which this court could determine an award of damages in any particular amount.
Mr. Ferri testified, however, that while the kitchen project was in progress, the plaintiffs asked him to do cabinet work in other rooms of the new house. He testified that he had built and installed a corian-topped vanity cabinet for the bathroom, cabinets for the laundry room, a shelf, and three other small cabinet projects. The plaintiffs did not deny by their testimony that they had requested and accepted these services and they did not dispute the values that Mr. Ferri set on each item, though it appears that no price was agreed to in advance of the work being performed. A party who performs services under circumstances in which payment is expected may recover the reasonable value of the services rendered Pleines v. Franklin Construction Co., 30 Conn. App. 612,618 (1993); Pagni v. Corneal, 13 Conn. App. 468, 472
(1988). The court finds that the reasonable value of the items listed in Exhibit 4 is $1,512.00. The court finds that the reasonable value of the vanity cabinet with corian top is $1,200.00, for a total of $2,712.00 due to the defendant for additional work performed at the request of the plaintiffs.
Conclusion
Judgment shall enter in favor of the plaintiffs against the defendant in the amount of $1,425.00 as to their claim.
Judgment shall enter in favor of the defendant against the plaintiffs in the amount of $2,712.00 as to its counterclaim. CT Page 11759
Beverly J. Hodgson Judge of the Superior Court