MEMORANDUM OF DECISION
In this case, the Plaintiff, an attorney admitted to the CT Page 10618 Connecticut bar appeals pursuant to Practice Book Section 27N, a decision of the Statewide Grievance Committee ("Committee") reprimanding him for a violation of Rules 1.4 and 1.15(b) of the Rules of Professional Conduct.[2]
The Uniform Administrative Procedures Act does not apply to the Committee, but the same principles as to the scope of judicial review are applicable. Pinsky v. Statewide GrievanceCommittee, 216 Conn. 228, 234 (1990). The role of the court "is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct." (Internal quotation marks and citations omitted.) Weiss v. Statewide Grievance Committee,227 Conn. 802, 812 (1993).
Allegations of attorney misconduct must be proven by clear and convincing evidence, regardless of the nature of the sanction ultimately imposed. Statewide Grievance Committee v. Presnick,215 Conn. 162, 171-72 (1990). "The burden is on the . . . committee to establish the occurrence of an ethics violation by clear and convincing evidence." Weiss, supra, 227 Conn. 812. "Clear and convincing evidence is that which is strong, positive, free from doubt, and full clear and decisive." Wenc v. StatewideGrievance Committee, 9 CONN. L. RPTR. #1, 21, 24, 1993, (Conn.Super. May 24, 1993) (Norko, J.). Also, see Dacey v. ConnecticutBar Association, 170 Conn. 520 (1976).
Joan C. Britt on October 7, 1993, filed a complaint against the Plaintiff and his associate Howard Levine, Esq. (R. Ex. 1.)[3]
The Fairfield Judicial District Grievance Committee on January 14, 1994, found probable cause that the Plaintiff had violated Rules of Conduct 1-4(a)(b), 1-15 (b) and 1-5(a) (4).
On April 14, 1994, a reviewing committee of the Committee commenced a hearing at which Plaintiff appeared with legal counsel, testified, introduced evidence, and was heard in argument. The hearing continued on June 30, 1994, at which time it concluded. The reviewing committee issued a proposed decision on December 13, 1994. Plaintiff responded and objected to the proposed decision on December 22, 1994. The Committee adopted the proposed decision and issued its final decision on February 16, 1995. CT Page 10619
This appeal was filed on March 17, 1995. The record was filed on April 17, 1995, Plaintiff's brief on May 22, 1995, and Defendant's brief on June 13, 1995. The case was never assigned for a hearing and was dismissed for dormancy on December 27, 1996.
The Plaintiff's motion to open the judgment of dismissal filed April 25, 1997, was granted on July 28, 1997. The parties were heard at oral argument on August 27, 1997. Plaintiff was allowed to file a Supplemental Memorandum on August 20, 1997. The record, having been lost from the court files, was refiled on October 1, 1997.
The record reveals the following facts. The Plaintiff represented the complainant and her husband on various matters dating back to 1990. The Plaintiff represented Mr. Britt in a civil action against his former employer (FCR matter). In 1993 the FCR matter was pending when Mrs. Britt retained the Plaintiff for legal representation in connection with the sale of the family home, which was in her name. The Plaintiff and his associate Attorney Levine met with the Britts on August 2, 1993. The meeting included discussion of the real estate closing and FCR matter. Specifically discussed were a power of attorney for the real estate sale (the Britts had relocated to Vermont) and the FCR matter legal fee. Mr. Britt believed that the fees would be recoverable from his employer in the litigation. The Plaintiff sought payment from the Britts. The fee in the FCR matter was disputed as to the responsibility for payment, and its amount. There was no discussion of the deduction of the fee from the real estate sale proceeds. The real estate closing was delayed because of an easement dispute, for which the Plaintiff's firm performed additional services. The Plaintiff billed an additional fee of $1,168 for services rendered in resolving the encroachment issue. The Plaintiff and Mrs. Britt had no clear understanding as to the billing for any additional services on the real estate sale.
The Britts were not present at the closing but provided Attorney Levine with mortgage payoff and wiring instructions for the proceeds.
The Plaintiff without authorization from either Mr. or Mrs. Britt deducted from the real estate sales proceeds $12,750.95 for legal fees on the FCR matter and $1,168 representing additional fees for the closing. CT Page 10620
In the FCR matter a motion seeking to disqualify defense counsel was decided on August 11, 1993. This issue was substantial in that it related to the settlement posture of the case. The outcome of the motion was not communicated to Mr. Britt until September 29, 1993.
Rule of Professional Conduct 1.15 (b) provides:
 (b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.
The Plaintiff violated Rule of Professional Conduct 1.15 (b) by deducting the disputed legal fee for the FCR matter. The committee's factual conclusion that the fee was in dispute is amply supported by the testimony of Mr. and Mrs. Britt. Plaintiff contends that he had a possessory or common law lien in the real estate proceeds to the extent of Mr. Britt's fee indebtedness on the FCR matter. Plaintiff cites Marsh, Day Calhoun v. Solomon, 204 Conn. 639 (1987) and Perlmutter v.Johnson, 6 Conn. App. 292, cert. denied, 200 Conn. 801 (1986).Marsh, Day Calhoun, dealt with an attorney's self executing lien on client files in the matter on which fees were owed.Perlmutter v. Johnson, dealt with the retention in escrow of reimbursed taxable costs.
The commentary to the current rule indicates that in any case involving a disputed fee (even in a case where it is anticipated that the lawyer's fee will be paid from such proceeds); "The disputed portion of the funds should be kept in trust and the lawyer should suggest means for prompt resolution of the dispute, such as arbitration." Plaintiff, contrary to instructions, appropriated a disputed fee from real estate closing proceeds. The $12,750.95 was not held in escrow. Such action contravenes Rule 1.15. CT Page 10621
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks omitted.) Dolgner v. Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs Judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j) (5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) Id., 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
The court feels that Plaintiff violated 1.15 (b) even if the Britts are viewed as one entity for purposes of the FCR fee and real estate sale proceeds.[4] Neither Britt approved of the payment of the FCR fee, or its deduction from the real estate sale proceeds.
Plaintiff argues that since Mrs. Britt brought the grievance, the Committee could not consider the Rule 1.4 claim as to another party, Mr. Britt. However, Practice Book Section 27F(a) provides that: "Any person, or a grievance panel on its own motion, may file a written complaint alleging attorney misconduct. . . ." Clearly, the Committee's jurisdiction is not limited to complaints from client victims. "Any person" may complain to the Committee of alleged attorney misconduct. See, Doe v.Statewide Grievance Committee, 240 Conn. 671, 678 (1997). "Disciplinary proceedings are for the purpose of preserving the courts from the official ministration of persons unfit to practice in them. . . ." Also see Statewide GrievanceCT Page 10622Committee v. Rozbicki, 211 Conn. 232, 237-38 (1989): "the rules regulating attorney grievance procedures exist within the broader framework of the relationship between attorneys and the judiciary. . . . An attorney as an officer of the court in the administration of justice is continually accountable to it for the manner in which he exercises the privilege which has been accorded him."
The Plaintiff in his initial brief challenged the reviewing committee's hearing the case with two attorney members, without the participation of the third lay member. This issue is controlled by Levinson v. Board of Chiropractic Examiners,211 Conn. 508 (1989). The reviewing committee contained a quorum in accordance with Rule 7F of its adopted rules. Proceeding without a lay member was not improper.
The Committee's decision which reprimands Plaintiff and orders restitution and fee arbitration is within its specific powers as set forth in Practice Book § 27M.1.
The appeal is dismissed.
Robert F. McWeeny, J.