LISA BERCHTOLD, PPA ET AL. *v.*
FRANK MAGGI III ET AL.
(10224)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued May 31—decision released August 30, 1983

*Harold A. Baran,* with whom, on the brief, was *Gary S. Genovese,* for the appellant (plaintiff).

*Elizabeth A. Dorsey,* with whom, on the brief, were *William F. Gallagher, L. Clayton Gery* and *Roger B. Calistro,* for the appellees (defendants).

ARTHUR H. HEALEY, J. The plaintiff, Lisa Berchtold, brought this action to recover damages for personal injuries resulting from a motor vehicle accident. After a trial to the court, *Morelli, J.,* judgment was rendered for the defendants, and the plaintiff appealed. Our disposition of this appeal requires that we address two claimed errors of law: (1) whether the trial court erred in holding that the plaintiff had failed to sustain her burden of proving that her injuries were proximately caused by the named defendant's negligence after it had denied motions to dismiss made by the defendants after the plaintiff had rested her case; and (2) whether the trial court erred in applying case law that was allegedly inapplicable to the facts of the present case. We find no error.

The trial court could have reasonably found the following facts based upon the evidence presented by the plaintiff (the defendants did not put on any evidence): On July 18, 1976, at approximately 7:45 p.m., the plaintiff was a passenger in a Chevrolet pickup truck driven

by the named defendant (hereinafter the defendant), Frank Maggi III. It was a dry, clear and warm day. The plaintiff was almost sixteen years old at that time, while the defendant was a year or two older. The plaintiff's younger sister, Barbara Berchtold, and the defendant's younger brother, Joseph Maggi, were sitting in the open rear bed of the truck. The defendant was driving the pickup truck in a westerly direction on route 148 in the town of Killingworth. Route 148 is a winding two lane blacktop road and, at a point just prior to the accident scene, it has a downgrade after which there is a curve. As the truck was going down the hill, Lisa Berchtold told the defendant to slow down two times. The defendant did not respond; he just gave her "a funny, crazy kind of smirk, and then he continued driving, and we were still going faster all the time." Barbara Berchtold testified that Joseph Maggi also told the defendant to slow down. After negotiating the curve, the truck struck the shoulder on the north side of route 148. It then skidded across route 148 where it left the road. It then struck and went over a stone wall, and finally came to rest after striking a tree. The police officer who investigated the accident testified that the truck left seventy-five feet of double skid marks.

At the close of the plaintiff's case, the defendants moved to dismiss the action for failure to make out a prima facie case under Practice Book § 302.[1] In an oral decision from the bench, the court denied the motions, stating, inter alia, that there was sufficient evidence to make out a prima facie case. It then stated: "This

---

[1] Practice Book § 302 provides: "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment of dismissal, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. The defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made."

is not to say that at this point, that it is necessary for the Court to conclude that the Plaintiff has sustained his [sic] burden of proof by a fair preponderance of the evidence, and therefore, the Court will deny the motions [to] dismiss.'' Thereafter, the defendants rested without putting on any evidence.

On April 17, 1980, the trial court filed a memorandum of decision in which it set forth its reasoning in holding for the defendants. After reciting the relevant facts, it stated that the "only evidence which nears one of the allegations of negligence is the question of speed . . . ." The plaintiff's complaint had alleged that the defendant was negligent in one of six ways. These included operating the truck at an unreasonable rate of speed, being inattentive, failing to keep the truck under reasonable control, operating the truck when it had unsafe tires and brakes, failing to drive in the proper lane and failing to turn or stop the truck in time to avoid the accident. In regard to the issue of speed the court found that there was "no creditable evidence of what rate of speed was travelled by the operator and that it was unreasonable, improper, or excessive, having regard to the width, traffic, and use of said highway, weather conditions, and other conditions prevailing at said time and place . . . . The only evidence which the court was able to consider was that of Lisa [Berchtold] who told the defendant operator to slow down and received a 'smirk.' This is hardly evidence of unreasonable speed.'' The court went on to state that any conclusion regarding the defendant's negligence would have been drawn "from a field of conjecture, surmise or guess.'' It then cited four cases for the proposition that a determination of negligence "cannot be predicated on conjecture and surmise.'' These four cases were *O'Brien* v. *Cordova,* 171 Conn. 303, 305, 370 A.2d 933 (1976); *Badela* v. *Karpowich,*

152 Conn. 360, 362, 206 A.2d 838 (1965); *Chasse* v. *Albert,* 147 Conn. 680, 683, 166 A.2d 148 (1960); and *Palmieri* v. *Macero,* 146 Conn. 705, 708, 155 A.2d 750 (1959).

We now turn to the first claim of error raised by the plaintiff. She frames the issue essentially as follows: Once the trial court determined that there was sufficient evidence to establish a prima facie case of negligence, it was error not to render judgment in her favor because the defendants did not put on any evidence to rebut her prima facie case.

Professor Wigmore has stated that "[t]he term *'prima facie evidence'* or *'prima facie case'* is used in two senses." (Emphasis added.) 9 Wigmore, Evidence (3d Ed.) § 2494. On the one hand, it identifies the situation "where the proponent, having the first duty of producing some evidence in order to [have his case submitted to the fact-finder], has fulfilled that duty . . . and may properly claim that the [factfinder] be allowed to consider his case." Id., § 2494 (2). This court has stated this general proposition in the following fashion: "The phrase 'prima facie evidence' means evidence which, *if credited,* is sufficient to establish the fact or facts which it is adduced to prove." (Emphasis added.) *Mott's Super Markets, Inc.* v. *Frassinelli,* 148 Conn. 481, 489, 172 A.2d 381 (1961); see also *State* v. *Watson,* 165 Conn. 577, 595–96, 345 A.2d 532 (1973); *Minicozzi* v. *Atlantic Refining Co.,* 143 Conn. 226, 230, 120 A.2d 924 (1956).

The second sense in which the term "prima facie case" has been utilized, according to Wigmore, is in those situations "where the proponent, having the burden of proving the issue . . . has not only removed by sufficient evidence the duty of producing evidence to get past the judge to the jury, but has gone further, and, either by means of a presumption or by a general mass

of strong evidence, has *entitled* himself to a ruling that the opponent should fail if he does nothing more in the way of producing evidence." (Emphasis added.) 9 Wigmore, Evidence (3d Ed.) § 2494 (1); see also *Husbands* v. *Pennsylvania,* 395 F. Sup. 1107, 1139 (E.D. Pa. 1975). It is this second use of the term "prima facie case" that the plaintiff seeks to impose in this case. She argues, in effect, that she is "entitled" to a judgment in her favor because the defendants rested and did not put on any evidence after the trial court had denied their motions to dismiss.

The fallacy in this argument is that it misconstrues the ramifications of a determination that a prima facie case has been established in denying a motion to dismiss pursuant to Practice Book § 302. We have recently restated that a motion for a judgment of dismissal has replaced the former nonsuit for failure to make out a prima facie case. *Falker* v. *Samperi,* 190 Conn. 412, 418, 461 A.2d 681 (1983). Under either motion it was, and is, the duty of the trial court to take as true the evidence offered by the plaintiff and to interpret it in the light most favorable to him, with every reasonable inference being drawn in his favor. Id., 419; see also *Hinchliffe* v. *American Motors Corporation,* 184 Conn. 607, 610, 440 A.2d 810 (1981); *Minicozzi* v. *Atlantic Refining Co.,* supra; *Ace-High Dresses, Inc.* v. *J. C. Trucking Co.,* 122 Conn. 578, 579, 191 A. 536 (1937). Clearly, therefore, the fact that a trial court denies a motion to dismiss does not mean that the plaintiff is "entitled" to a judgment in its favor if the defendant does not put on any evidence. Rather, the determination that a plaintiff has established a prima facie case in this instance is comparable to the first definition cited from Wigmore, i.e., the effect of denying a motion to dismiss is to give the plaintiff the opportunity to have the factfinder pass upon the merits of the case.

Once a case is ultimately presented to the factfinder for final decision, an entirely different analysis is applied. Rather than being required to take as true the evidence offered by the plaintiff, the trier of fact can disbelieve any evidence, even if uncontradicted. *Anderson* v. *Anderson,* 191 Conn. 46, 463 A.2d 578 (1983); *Griffin* v. *Nationwide Moving & Storage Co.,* 187 Conn. 405, 422, 446 A.2d 799 (1982); *McLaughlin* v. *Chicken Delight, Inc.,* 164 Conn. 317, 319, 321 A.2d 456 (1973). In addition, the trier of fact is no longer bound to interpret the evidence in the light most favorable to the plaintiff, or to draw every reasonable inference therefrom, for it is axiomatic that it is within the province of the trier of facts to assess the credibility of witnesses. *Griffin* v. *Nationwide Moving & Storage Co.,* supra; *Hughes* v. *Contemporary Mission, Inc.,* 180 Conn. 150, 151, 429 A.2d 827 (1980).

In view of the foregoing principles, it was legally consistent for the trial court to determine that the plaintiff had established a prima facie case justifying a denial of the defendants' motions to dismiss, and then to render judgment in favor of the defendants even though they put on no evidence. A review of the transcript also indicates that the trial court was aware of the different standards to be applied in deciding a motion to dismiss and in determining whether the plaintiff ultimately satisfied her burden of proving by a fair preponderance of the evidence that the defendant was negligent. As set out above, following its statement that the plaintiff had made out a prima facie case, the trial court stated: "This is not to say at this point, that it is necessary for the Court to conclude that the Plaintiff has sustained his [sic] burden of proof by a fair preponderance of the evidence."

The second issue raised by the plaintiff is that the trial court cited four cases which, she contends, are not

applicable to a situation in which there is eyewitness testimony, as in the present case. This claim can be dealt with summarily. The four cases were cited for the proposition that a finding of "negligence cannot be predicated on conjecture and surmise." In *O'Brien* v. *Cordova,* supra, we stated that "there must be sufficient evidence of the defendant's negligence to remove the issue from the field of surmise and conjecture." The other three cases contain similar language and stand, on that issue, for the exact same principle. Because the cases correctly stood for the proposition cited, the trial court's legal bibliography was faultless, as long as the legal proposition was applicable to the facts of this case. Because the trial court had previously concluded that any finding of negligence "would draw conclusions from a field of conjecture, surmise or guess," the legal proposition was applicable.

In addition, the plaintiff's contention that the cases cited were inapplicable to the present case because there were eyewitnesses here is unsound. "[T]here is no legal distinction between direct and circumstantial evidence so far as probative force is concerned." *State* v. *Haddad,* 189 Conn. 383, 390, 456 A.2d 316 (1983); see also *State* v. *Wilson,* 178 Conn. 427, 434, 423 A.2d 72 (1979). Furthermore, as we have already noted, it is the function of the trier of fact to assess credibility, and it can disbelieve any testimony it so desires even if left uncontradicted. Therefore, although it was within the trial court's power as factfinder to make a determination that the defendant was traveling at an excessive rate of speed based upon circumstantial evidence " 'such as vehicular damage and distance traveled after the application of brakes' "; *Madow* v. *Muzio,* 176 Conn. 374, 379, 407 A.2d 997 (1978); it was not compelled to do so if it determined that the evidence did not warrant such a finding. Likewise, it could reject any direct

testimony it did not deem credible. Eyewitness testimony in itself, therefore, is not the determinative factor in deciding whether a particular case has been taken out of the realm of conjecture and speculation.

Finally, although not briefed by either party, a question arose during oral argument before this court concerning the fact that the defendant's pickup truck crossed the left-hand lane of route 148 before leaving the road and crashing into the stone wall. General Statutes § 14-237 prohibits any vehicle from crossing any divided highway "except through an opening or at a crossover or intersection established by public authority." The issue posed was whether it was plain error; Practice Book § 3063; for the trial court not to hold that the defendant was liable based on the violation of the statute. We find that it was not.

The doctrine of plain error should be invoked sparingly. To hold otherwise would undermine the requirement that claims of law be raised in the trial court in the first instance. Under the circumstances of this case, therefore, employing the doctrine would only be warranted if we were to determine that the error would, in some way, directly affect the outcome of the case. See, e.g., *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 181 Conn. 607, 609, 436 A.2d 1259 (1980); *Stoni* v. *Wasicki,* 179 Conn. 372, 377, 426 A.2d 774 (1979).

Any error in this case simply does not meet this burden. This is because the trial court could have found that the statutory violation did not result in actionable negligence because that violation was not the proximate cause of the plaintiff's injuries. In order to establish liability as a result of a statutory violation, a plaintiff must satisfy two conditions. "First, the plaintiff must be within the class of persons protected by the statute. [*Coughlin* v. *Peters,* 153 Conn. 99, 101, 214 A.2d 127

(1965)]; *Hassett* v. *Palmer,* 126 Conn. 468, 473, 12 A.2d 646 [1940]; *Monroe* v. *Hartford Street Ry. Co.,* 76 Conn. 201, 207, 56 A. 498 [1903]. Second, the injury must be of the type which the statute was intended to prevent. *Toomey* v. *Danaher,* 161 Conn. 204, 212, 286 A.2d 293 [1971]; *Longstean* v. *McCaffrey's Sons,* 95 Conn. 486, 493, 111 A. 788 [1920]. See Prosser, Torts (4th Ed.) § 36; Restatement (Second), 2 Torts §§ 286, 288." *Wright* v. *Brown,* 167 Conn. 464, 468–69, 356 A.2d 176 (1975).

While the plaintiff may have satisfied the first condition, clearly the facts of this case do not satisfy the second condition. In *Toomey* v. *Danaher,* supra, we noted that this statute was "designed to protect against collisions with other vehicles, and not to protect against collision with the [guardrail in the center of the road]." Id., 213; see also 2 Berry, Automobiles, (7th Ed.) § 2.353, pp. 400–401. As in *Toomey,* where we held that the statute was inapplicable, the accident did not occur as a result of a collision with another vehicle in the left-hand lane. This should be compared with the situation in *Danzell* v. *Smith,* 150 Conn. 35, 184 A.2d 53 (1962), where we held that the statute was applicable to an accident that occurred when the defendant crossed the center strip and collided with the plaintiff's car which was in the other lane. Id., 37–39.

Because there is a reasonable explanation for the trial court's decision not to rely on the statutory violation as a basis for a finding of actionable negligence, this is not an appropriate situation for the application of the plain error rule.

There is no error.

In this opinion the other judges concurred.