[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION FOR A DIRECTED VERDICT
The defendant orally moves for a directed verdict.
The case herein was tried to the court. The court is treating this motion by the defendant as a motion to dismiss per Practice Book Section 302.
Practice Book Section 302 permits the granting of a motion to dismiss where the plaintiff has failed to make out a prima facie case.
In developing such a case the plaintiff must present CT Page 1361 evidence which, if credited, is sufficient to establish the fact or facts which it is adduced to prove. Berchtold v. Maggi,191 Conn. 266, 270 (1983).
The court finds as to Count 1 that the plaintiffs sustained their burden of proof with evidence sufficient to present a prima facie case.
The allegations contained Count 1 of the complaint have all been admitted by the defendant. The outstanding factual issues concern whether damages were suffered by the defendant resulting from the breach of the agreement; and, the legal issue of the extent to which liquidated damages agreed to by the parties are enforceable against the person breaching the agreement.
Thus the court finds that the plaintiffs have sustained their burden of presenting a prima facie case as to Count 1.
The motion to dismiss as to Count 1 is denied.
As to Count 2, the plaintiffs allege the violation of Conn. Gen. Stat. secs. 42-110a et. seq.
The basis of this allegation by the plaintiffs centers around the requirements for the liquidated damages set out in Conn. Gen. Stat. sec. 42a-2-718.
This section sets out criteria for incorporation into an agreement of a liquidated damages clause.
The court finds that the plaintiffs failed to sustain their burden of proof as to the violation by the defendant of the criteria for liquidated damages recited in Conn. Gen. Stat. sec. 42a-2-718, and a resulting violation under Conn. Gen. Stat. secs. 42-110a et. seq.
Therefore, the motion to dismiss as to Count 2 is granted.
JULIUS J. KREMSKI STATE TRIAL REFEREE