[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Eleanor Burkle alleges in the first count that she fell and injured herself while she, as "a member of the general public," was walking on a public sidewalk which abutted 33 Whitfield Street, Guilford, Connecticut, the location of defendant St. George's Church.
In said count, the plaintiff alleges that her fall was caused by her slipping on an accumulation of nuts and fruit which had fallen from "a tree" located on the church's property. She alleges that the church owed a duty to the plaintiff, pursuant to a Guilford Municipal Ordinance which creates a duty for landowners to keep their sidewalks clear of ice and snow, and that this duty was breached by the church's "negligence, carelessness and/or heedlessness" in failing to remove the nuts and fruit or to block access to the sidewalk. The plaintiff alleges further that the church "knew, or should have known, that not to [remove the nuts CT Page 2071 and fruit] was unsafe and dangerous to pedestrians walking upon said sidewalk and that said debris was an annual occurrence as the result of a nearby tree owned by the defendant."
In the second count, the plaintiff alleges that the defendant Town of Guilford breached its duty to maintain the sidewalk in a safe condition, and that the plaintiff's injuries were caused by this breach of duty.
"Summary judgment is appropriate when `the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book 384. . . . The party seeking summary judgment has the burden of showing the nonexistence of any genuinely disputed material facts. . . . The facts presented must be viewed in the light most favorable to the nonmoving party." Rawling v. New Haven, 206 Conn. 100, 104,537 A.2d 439 (1988). A motion for summary judgment is the proper way to test the legal sufficiency of the complaint after the pleadings have closed. Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409,279 A.2d 540 (1971).
In its memorandum in support of the motion for summary judgment, the church argues that the plaintiff failed to establish a duty owed to the plaintiff, because the ordinance cited by the plaintiff only imposes a duty to remove ice and snow. Defendant argues that since a duty has not been established, the plaintiff has not sufficiently alleged negligence, so this defendant is entitled to summary judgment.
The plaintiff, in her brief in opposition to the motion, argues that she has sufficiently alleged "negligent public nuisance," which does not require the allegation of duty.
In its reply memorandum, the church first argues that the complaint sounds in negligence, because the complaint states that the "fall and the injuries resulting therefrom are a direct and proximate result of the negligence, carelessness and/or heedlessness of the defendant. . . ." Regarding the theory of "negligent public nuisance," the defendant church argues that the case law establishes that a landowner must perform a positive act which affects the abutting sidewalk in order to be held liable and the complaint does not allege, nor does the plaintiff provide any evidence, that the church created or caused to be created the alleged condition which caused the plaintiff's fall.
In her reply memorandum, the plaintiff argues that her allegations "support claims sounding in negligence and in negligent nuisance." The plaintiff argues further that the cases cited by the defendant church to establish that a positive act is CT Page 2072 required in order to be liable for a public nuisance are only applicable to municipal liability for nuisance. Plaintiff further argues that the case law supports the proposition that trees and bushes can become nuisances when they interfere with the use of streets and sidewalks.
The plaintiff argues that the first count states claims in negligence and "negligent public nuisance" or "negligent nuisance." The defendant church argues that this count only states a claim in negligence.
 Where separate and distinct causes of action, as distinguished from separate and distinct claims for relief founded on the same cause of action or transaction, are joined, the statement of the second shall be prefaced by the words Second Count. . . .
Practice Book 138.
Negligence and nuisance are separate causes of action, and should be stated in separate counts. Munz v. Abramson,18 Conn. Sup. 198 (C.P. 1953, FitzGerald, J.).
 "[I]n order to prevail on a claim of nuisance, a plaintiff must prove that: `(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiff's injuries and damages.' . . . (citations omitted) [W]here. . .public nuisance is alleged, the plaintiff's burden [also] includes. . .that the condition or conduct complained of interfered with a right common to the general public. . .(citations omitted)."
Doe v. Manheimer, 212 Conn. 748, 755-756 n. 4, 563 A.2d 699 (1989).
The plaintiff's revised complaint does not allege that the use of the land was unreasonable or unlawful, the plaintiff has not stated a claim for "negligent public nuisance" or "negligent nuisance."
Insofar as the claimed negligence: "The existence of a duty of care is an essential element of negligence." Calderwood v. Bender, 189 Conn. 580, 584, 457 A.2d 313 (1983). See also Catz v. Rubenstein, 201 Conn. 39, 44, 513 A.2d 98 (1986). CT Page 2073
"The existence of a duty is a question of law. . . . Only if such duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Behlman v. Universal Travel Agency, Inc.,4 Conn. App. 688, 691, 496 A.2d 962 (1985), citing Shore v. Stonington, 187 Conn. 147, 151-52, 444 A.2d 1379 (1982).
"In order to establish liability as a result of a statutory violation, a plaintiff must satisfy two conditions. `First, the plaintiff must be within the class of persons protected by the statute. . . . Second, the injury must be of the type which the statute was intended to prevent.'" Berchtold v. Maggi,191 Conn. 266, 274-75, 464 A.2d 1 (1983).
The plaintiff alleges that the Guilford Municipal Ordinance Concerning Municipal Liability for Ice and Snow on Public Sidewalks creates a duty for landowners to keep abutting sidewalks free from debris. However, the Ordinance states in pertinent part:
 The owner or person in possession and control of land abutting a public sidewalk shall have the same duty of care with respect to the presence of ice or snow on such sidewalk toward the portion of the sidewalk abutting his property as the municipality had prior to the effective date of this ordinance adopted pursuant to the provisions of [General Statutes 7-163a] and shall be liable to persons injured in person or property where a breach of said duty is the proximate cause of said injury.
In Klein v. Horace Bushnell Congregational Church,1 CTLR 250 (January 31, 1990, Allen, J.) the plaintiff alleged that she slipped on a defective sidewalk in front of the defendant church. The court held that although General Statutes 7-163a
(which authorized the ordinance of the present case and from which this ordinance was excerpted) provides for liability to persons injured through the presence of ice or snow, this statute only applies to injuries caused by the presence of ice or snow. "When a statute (or ordinance) is in derogation of the common law and creates liability where formerly none existed, it should be strictly construed and not enlarged by the mechanics of construction." Id., citing Yale University School of Medicine v. Collier, 206 Conn. 31, 36, 536 A.2d 588 (1988).
In the present case, the plaintiff alleges that the Ordinance establishes a duty, which the defendant breached by not CT Page 2074 removing the debris. However, a strict construction of the Ordinance would require the conclusion that a duty is only established for the removal of ice and snow.
Therefore, since the plaintiff has not sufficiently alleged duty, the plaintiff has not stated a negligence claim.
For the above-stated reasons, the church's motion for summary judgment on the first count of the complaint should be granted.
REILLY, JUDGE