## STATE OF CONNECTICUT *v.* THOMAS SANDERS
### (13157)

O'CONNELL, LANDAU and SPEAR, Js.

Argued January 10—decision released March 14, 1995

*Lewis H. Chimes,* special public defender, for the appellant (defendant).

*John A. East III,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Gary W. Nicholson,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of conviction, after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4), conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (4) and 53a-48, and larceny in the third degree in violation of General Statutes § 53a-124 (a) (1). We affirm the judgment of the trial court.

In view of our disposition of the case, a recitation of the facts would serve no purpose. The defendant's appeal is based on seven claims, which he argues are

grounds for either an acquittal or a new trial. Because none of these claims was raised at trial, the defendant seeks review of four of them under the *Evans-Golding*[1] doctrine and review of the remaining three under the plain error doctrine.

Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). " 'The first two conditions are determinations of whether a defendant's claim will be reviewed, and the third condition involves a review of the claim itself.' " *State* v. *Cardany*, 35 Conn. App. 728, 733, 646 A.2d 291, cert. denied, 231 Conn. 942, 648 A.2d 149 (1994), quoting *State* v. *Graham*, 33 Conn. App. 432, 442, 636 A.2d 852, cert. denied, 229 Conn. 906, 640 A.2d 117 (1994); *Wilson* v. *Cohen*, 222 Conn. 591, 603, 610 A.2d 1177 (1992).

Quixotic efforts to gain review of unpreserved claims are not new to appellate jurisprudence. In 1982, Justice Parskey aptly articulated the challenge confronting an appellant in such a situation. "Putting a constitutional tag on a nonconstitutional claim will no more change its essential character than calling a bull a cow will change its gender. If a word to the wise will do it, then suffice it to observe that the *Evans* . . .

---

[1] *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 (1973); *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

bypass to this court is a narrow constitutional path and not the appellate Champs-Elysees." *State* v. *Gooch,* 186 Conn. 17, 18, 438 A.2d 867 (1982). We remain as unenamored of mislabeling nonconstitutional claims as was Justice Parskey.

We have carefully considered the defendant's brief and oral argument and conclude that none of his claims is reviewable under the first two prongs of *Golding.*

The defendant seeks review of the remaining three claims under the plain error doctrine. Practice Book § 4185.[2] Review under the plain error doctrine is not lightly invoked and " 'is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceeding.' " *State* v. *King,* 216 Conn. 585, 591, 583 A.2d 896 (1990); *Small* v. *South Norwalk Savings Bank,* 205 Conn. 751, 759, 535 A.2d 1292 (1988); *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985). We review claims under the plain error exception sparingly because more frequent use would undermine the fundamental requirement that claims be raised at trial. *Birchtold* v. *Maggi,* 191 Conn. 266, 274, 464 A.2d 1 (1983). The defendant's claims do not qualify for review under the plain error doctrine.

We conclude that no issue raised by the defendant is entitled to review.

The judgment is affirmed.

---

[2] Practice Book § 4185 provides in pertinent part: "The court on appeal shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."