[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for damages under the Dog-Bite statute, i.e., General Statutes § 22-357[1] brought by the plaintiff John Cretella in three counts against the defendants Arthur Maebry (first count), Ronnie Maebry (second count), and Terina Maebry a.k.a. Terina Nelson (third count). Each count contained identical allegations with only the name of the defendant being different. Each count, we note, alleged that the particular defendant ". . .was the owner and keeper of a golden retriever named Calibro."
At the trial the plaintiff testified on his own behalf and he also presented one Fracasso, a New Haven police officer, who investigated the incident and filed a written report. The plaintiff then rested and the defendants moved for a "nonsuit" against the plaintiff. At that time, the court indicated on the record that it was treating that motion as one to "nonsuit" the plaintiff for failure to make out a prima facie case. Section 302 of the Practice Book replaced Practice Book 1963 § 278 which, in effect, termed such a motion a "motion for nonsuit" for failure to make out a prima facie case. See Lukas v. New Haven, 184 Conn. 205,210 n. 3 (1981); Falker v. Sampieri, 190 Conn. 412, 418 (1983). Under Practice Book § 302, granting such a motion is only proper CT Page 7367 "when the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in favor of the plaintiff." See Feinberg v.Berglewicz, 32 Conn. App. 857, 859-860 (1993). In addition to requiring that a trial court must consider all the plaintiff's evidence as true, the trial court must draw all reasonable inferences in the plaintiff's favor. Berchtold v. Maggi, 191 Conn. 266,271 (1983); Falker v. Sampieri, supra 419. This court accordingly granted the defense motion as against the defendant Ronnie Maebry, the defendant under the second count, against whom there was not one scintilla of evidence, either by direct evidence or by reasonable inference on the essential allegations of the complaint. It was clear that as to Ronnie Maebry, the defendant under the second count, that the plaintiff's evidence did not even approach the "relatively low standard" necessary to withstand the defense motion as to him. Falker v. Sampieri, supra 420;Hinchcliffe v. American Motors Corporation, 184 Conn. 607, 620
(1981). At that time it denied the defense motion as to the defendants Arthur Maebry and Terina Maebry.
The defendants then rested without presenting any evidence and, thus, the case was presented to this court as factfinder. The fact, however, that the trial court has denied the earlier defense motion as against the defendants Arthur Maebry and Terina Maebry does not mean that the plaintiff is "entitled" to a judgment in his favor if the defendant[s] do not put on any evidence. Berchtold v.Maggi, supra 271. The analysis must change. This is so because here, "Once a case is ultimately presented to the factfinder for final decision, an entirely different analysis is applied. Rather than being required to take as true the evidence offered by the plaintiff, the trier of fact can disbelieve any evidence, even if uncontradicted. Anderson v. Anderson, 191 Conn. 46, 463 A.2d 578
(1983); Griffin v. Nationwide Moving Storage Co., 187 Conn. 405,422, 446 A.2d 799 (1982); McLaughlin v. Chicken Delight, Inc.,164 Conn. 317, 319, 321 A.2d 456 (1973). In addition, the trier of fact is no longer bound to interpret the evidence in the light most favorable to the plaintiff, or to draw every reasonable inference therefrom, for it is axiomatic that it is within the province of the trier of facts to assess the credibility of witnesses. Griffinv. Nationwide Moving Storage Co., supra; Hughes v. ContemporaryMission, Inc., 180 Conn. 150, 151, 429 A.2d 827 (1980)."Berchtold v. Maggi, supra 272.
Therefore, the court finds the following facts. On September 23, 1992, at about 12:40 p.m., the plaintiff, in the course of his CT Page 7368 employment as a meter reader for the Southern Connecticut Gas Company, was on the front porch of 130 Minor Street in New Haven. The meter he was to read was located in the cellar and to get to it he was to go through the first floor apartment. The plaintiff rang the first floor bell and the defendant Terina Maebry's daughter answered it. The daughter told him that she would get her mother. As he was waiting on the porch a Golden Retriever dog came from the driveway to the premises. The dog, whose name was Calibro, sat on the porch next to the plaintiff a "few feet" from the plaintiff. Terina Maebry came to the front door. As the plaintiff was about to walk into the apartment, Calibro bit the plaintiff on the medial posterior of his right thigh. The plaintiff identified on a photo in evidence the location of the two bite marks, breaking the skin. Terina yelled at Calibro and the dog stopped. After the plaintiff used Tirena's bathroom the plaintiff drove to St. Raphael's Hospital where they cleaned up the bite area and a tetanus shot was administered to him. He then went to the police station to report the incident and Officer Fracasso returned with him to the Minor Street address. Fracasso spoke to the defendant Arthur Maebry who told Fracasso that Calibro was his dog and that that dog had had all his shots. The plaintiff heard Arthur Maebry tell Officer Fracasso that Calibro was his dog. Fracasso gave Arthur Maebry a verbal warning for allowing the dog to roam. Tirena was not there when Fracasso was.
When the plaintiff was bitten he was properly and legally on the premises in his employment as a meter reader. At that time, and contrary to the allegations of the special defense, the plaintiff was not a trespasser on the premises. Moreover, the plaintiff, apart from not being a trespasser, was not committing any other tort nor was he teasing, tormenting or abusing the dog Calibro.
The plaintiff has sustained his burden of proof of proving liability on the part of Arthur Maebry, the defendant under the first count. General Statutes § 22-357. On the other hand, he has not sustained his burden of proving liability as against Terina Maebry, the defendant under the third count.
We turn to the issue of damages as against the defendant Arthur Maebry. The special damages claimed by the plaintiff total $413.00. These break down to $220.00 to St. Raphael's Occupational and Health Treatment Center for charges on September 23, 1992 (the date of the incident) and follow-up on September 25, 1992, October 2, 1992, and October 16, 1992. Approximately six days after the CT Page 7369 incident the plaintiff went to Dr. Balzano, his personal physician and thereafter on October 27, 1992, October 30, 1992, November 3, 1992 and November 6, 1992, for a total of $193.00. He experienced "throbbing" in the bite area for a time. He had some therapy for swelling there. He did not however lose any time from his employment, at which he then and still does walk between six and seven miles each working day. He was not, as alleged, "unable to perform his usual chores". Nor was she, as alleged, ". . .required to curtail his activities". there is no proof, as alleged, that this incident will necessitate that he "in the future will have to incur further expenses . . . . "
Judgment may enter that the plaintiff recover of the defendant Arthur Maebry Eighteen Hundred ($1800.00) Dollars in damages on the first count. Judgment may enter in favor of the defendant Ronnie Maebry on the second count and in favor of the defendant Terina Maebry a.k.a. Terina Nelson on the third count.
Arthur H. Healey State Trial Referee