[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant, Rose Marie Cymbala, has moved for summary judgment in this foreclosure action on the ground that the action is barred by the doctrine of res judicata. Cymbala claims, and the plaintiffs do not dispute, that the mortgage in question was the subject of a prior foreclosure action, in which judgment was rendered against Edward Rosenfield on the grounds that the note and mortgage were invalid due to a lack of consideration for the mortgage note. The parties also do not dispute that Rosenfield appealed that judgment, and that the judgment was affirmed by the Appellate Court. The plaintiffs contend that the judgment in the prior action does not bar this action under the doctrine of res judicata because the prior action was not tried on its merits. For the reasons set forth below, this court holds that a judgment of dismissal rendered by a court pursuant to § 302 of the Practice Book after the plaintiff has rested is a trial on the merits for purposes of the doctrine of res judicata.
The plaintiff Edward Rosenfield ("Rosenfield") brought another action to foreclose the mortgage at issue in this action in November of 1990. The plaintiff Rosenfield was the only named plaintiff in that action. The note and mortgage were assigned to the plaintiff Rosenfield by Connecticut Investment Company, Inc. Connecticut Investment"). Rosenfield and Connecticut Investment are both parties to this action.
The defendant Cymbala filed an Answer and Special Defenses in the prior action in which she alleged that a fraud had been perpetrated on her, and that she had been fraudulently induced into signing the alleged note and mortgage deed as a result of the material misrepresentations that were made to her and her husband, Douglas Cymbala, by Connecticut Investment and Edwin Baum, who controlled Connecticut Investment. Cymbala claimed that Baum, who is a lawyer, assured her that the note and mortgage deed represented only "paperwork" which was meant to facilitate financing a real estate development project.
The prior foreclosure action was tried before this court, Higgins, J. After the plaintiff Rosenfield had rested the court granted Cymbala's Motion to Dismiss pursuant to Practice Book § 302. Cymbala has attached a copy of the court's Memorandum of Decision to her Motion for Summary Judgment. The court found that Rosenfield did not establish that consideration for the note and mortgage deed was given by his assignor, Connecticut Investment, to the defendant Cymbala, and, therefore, Rosenfield had no right to CT Page 9418 foreclose the invalid mortgage.
Summary Judgment is properly ordered when the pleadings and other submitted proof demonstrate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Strada v. Connecticut Newspapers, 193 Conn. 313,316-17, 477 A.2d 1005 (1984). Once the defense of res judicata has been raised, it may be resolved by way of summary judgment. Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985).
Res judicata is a doctrine grounded in public policy. Its primary function is to prevent the relitigation of issues already decided in a court of competent jurisdiction. Dunham v. Dunham,221 Conn. 384, 391, 604 A.2d 347 (1992); In re Juvenile Appeal (83-DE),190 Conn. 310, 318, 460 A.2d 1277 (1983); Corey v. Avco LycomingDivision, 163 Conn. 309, 316-17, 307 A.2d 155 (1972), cert. denied,409 U.S. 1116, 93 S.Ct. 903, 34 L.Ed.2d 699 (1973); Brady v.Anderson, 110 Conn. 432, 435, 148 A. 365 (1930). The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action that were actually made or that might have been made. Gagne v. Norton, 189 Conn. 29, 32, 453 A.2d 1162 (1983). "The doctrine of res judicata [applies] . . . as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction"; Wade's Dairy, Inc.v. Fairfield, 181 Conn. 556, 559, 436 A.2d 24 (1980); and promotes judicial economy by preventing relitigation of issues or claims previously resolved. Carothers v. Capozziello, 215 Conn. 82, 94,574 A.2d 1268 (1990). Res judicata, as a judicial doctrine . . . should be applied as necessary to promote its underlying purposes. These purposes are generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose . . . . State v. Ellis,197 Conn. 436, 465-66, 497 A.2d 974 (1985); Statewide GrievanceCommittee v. Presnick, 216 Conn. 135, 139, 577 A.2d 1058 (1990).
In considering a motion under Practice Book § 302, a trial court must consider all of the plaintiff's evidence to be true.Hinchliffe v. American Motors Corp., supra, 609-10; Bolmer v.Kocet, 6 Conn. App. 595, 603, 507 A.2d 129 (1986). Further, a trial court must draw all reasonable inferences in the plaintiff's favor. Pagni v. Corneal, 13 Conn. App. 468, 470, 537 A.2d 520,cert. denied, 207 Conn. 810, 541 A.2d 1239 (1988). The limitations CT Page 9419 of a § 302 motion contrast with the trial court's discretion in ruling on the merits of a case. Once a case is presented to the trial court for final decision, the trier is released from having to treat the plaintiff's evidence as true and can disbelieve any evidence, even if the evidence is uncontroverted. Strickland v.Vescovi, 3 Conn. App. 10, 15, 484 A.2d 460 (1984).
In Berchtold v. Maggi, 191 Conn. 266, 464 A.2d 1 (1983) the defendant moved for judgment of dismissal under § 302 after the plaintiff rested. The court denied the motion. The defendant then rested without presenting any evidence. The court entered judgment in favor of the defendant. On appeal the plaintiff argued that she was entitled to judgment as a matter of law because the court had denied the motion to dismiss and the defendant had not presented any evidence. The Connecticut Supreme Court affirmed the decision of the trial court and stated:
 Clearly, therefore, the fact that a trial court denies a motion to dismiss does not mean that the plaintiff is "entitled" to a judgment in its favor if the defendant does not put on any evidence. Rather, the determination that a plaintiff has established a prima facie case in this instance is comparable to the first definition cited from Wigmore, i.e., the effect of denying a motion to dismiss is to give the plaintiff the opportunity to have the factfinder pass upon the merits of the case.
(Emphasis added).
191 Conn. at 271.
The plaintiffs' argument here is based upon an incorrect interpretation of the words "upon the merits" emphasized in the above passage from Berchtold. The Court used those words to describe the manner in which the trier of fact was permitted to interpret the evidence presented. In other words, "on the merits" as used in Berchtold had an opposite meaning from "in a manner most favorable to the plaintiff." This distinction is clear from the text of the Berchtold decision which immediately follows the passage set forth above:
 Once a case is ultimately presented to the factfinder for final decision, an entirely different analysis is applied. Rather than being required to take as true the evidence offered by the plaintiff, the trier of fact can disbelieve any evidence, even if uncontradicted. AndersonCT Page 9420 v. Anderson, 191 Conn. 46, 463 A.2d 578 (1983); Griffin v. Nationwide Moving Storage Co., 187 Conn. 405, 422, 446 A.2d 799 (1982); McLaughlin v. Chicken Delight, Inc., 164 Conn. 317, 319, 321 A.2d 456 (1973). In addition, the trier of fact is no longer bound to interpret the evidence in the light most favorable to the plaintiff, or to draw every reasonable inference therefrom, for it is axiomatic that it is within the province of the trier of facts to assess the credibility of witnesses. Griffin v. Nationwide Moving Storage Co., supra; Hughes v. Contemporary Mission, Inc., 180 Conn. 150, 151, 429 A.2d 827 (1980).
191 Conn. at 272.
The term "on the merits" when used in connection with the doctrine of res judicata concerns whether the case has been fully litigated. Virgo v. Lyons, 209 Conn. 497, 501, 551 A.2d 1243
(1988). Clearly in the prior action, as in all actions in which a judgment of dismissal has been granted pursuant to § 302, the plaintiff has had an opportunity to fully litigate his case. In granting the judgment of dismissal the court found that after the plaintiff had presented all of his evidence, and after that evidence was construed in a manner most favorable to the plaintiff, the plaintiff still had not even established a prima facie case.
The circumstances of this case are precisely those which the doctrine of res judicata was meant to address. The plaintiff has already fully litigated the merits of this foreclosure action. A denial of Cymbala's Motion for Summary Judgment would foster repetitive litigation, and create the possibility for an inconsistent judgment in contravention of the principles of the doctrine of res judicata. For the foregoing reasons, the Motion for Summary Judgment is granted as to liability only.
By the Court, Aurigemma, J.