[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
Under standard Tallow Corporation v. Jowdy, 190 Conn. 48
(1983) the burden of proof in this proceeding is on the third party plaintiffs to present evidence to establish jurisdiction of the court and thereby avoid dismissal of the action. The operative count against the third party defendant is count nine CT Page 11245 of the amended cross claims of May 5, 1995. In that count the third party plaintiffs first incorporate counts one through seven which contain substantive allegations of misconduct against the third party defendant for which they seek relief. The predicate jurisdictional allegations of count nine, on the other hand, seek to establish in personam jurisdiction over the third party defendant through the vehicle of the alter ego theory. It is claimed that these allegations, if proved, would establish the requisite basis for a finding that Label Systems Corporation was in actual practice the alter ego of R.P.I, Inc. and therefore the court has in personam jurisdiction over R.P.I. because Label Systems is the plaintiff in this action. See McPheron v. PennCentral Transportation Company, 390 F. Sup. 943 (D. Conn. 1975).
As a threshold matter, the parties disagree over the standard of proof that is needed for the third party plaintiffs to prove jurisdiction by reliance on alter ego. The third party plaintiffs argue that their burden of proof is to make a prima facie showing whereas the third party defendant contends that the burden to prove alter ego is by a preponderance of the evidence.
It is unnecessary for the court to resolve this disagreement because the third party plaintiffs have failed to meet the prima facie standard and perforce the preponderance of the evidence standard. In determining whether the third party plaintiffs have presented a prime facie case that the third party defendant was the alter ego of Label Systems the court must take as true the evidence offered by the third party plaintiffs and to interpret that evidence in a light most favorable to the plaintiffs, with every reasonable inference being drawn in the plaintiffs favor.Berchtold v. Maggi, 191 Conn. 266, 271 (1983).
When applying this standard, the third party plaintiffs have failed to establish a prima facie case that Label Systems Corporation was the alter ego of R.P.I., Inc., In order to do so the third party plaintiffs would have to show that there was an absence of formal separateness between the two corporations.A.C.S. Industries, Inc. v. Keller Industies, Inc. 296 F. Sup. 1160
(D. Conn. 1969). In determining whether corporate separateness exists in a jurisdictional context our courts do not look to the tests formulated to determine substantive liability in cases where the corporate veil is sought to be pierced.McPheron v. Penn Central Transportation, Co., supra. Thus, it is inappropriate for the court in this proceeding to apply either the identity test or the instrumentality test. Zaist v. Olson,
CT Page 11246154 Conn. 563 (1967). These tests apply to those situations in which a plaintiff seeks to pierce the corporate veil and hold liable either shareholders or a dominating mother corporation.Ibid.; S.F.A. Folio Collections, Inc. v. Bannon, 217 Conn. 220,229 (1991).
Whether there exists formal separateness for jurisdictional purposes between a holding company and its subsidiary depends upon whether there is "such domination of finances, policies and practices that the controlled corporation has, so to speak, no separate mind, will or existence of its own and is but a business conduit for its principal". Zaist v. Olson, supra at 574.
Having considered the several factors advanced by the third party plaintiffs on the issue of separateness the court finds that the evidence both individually and collectively falls far short of what is necessary to establish that Label Systems Corporation is the alter ego of R.P.I, Inc.
Accordingly, the motion to dismiss is granted.
THE COURT,
Mottolese, Judge