SARASOTA CCM, INC. *v.* GOLF
MARKETING, LLC, ET AL.
(AC 26181)

Lavery, C. J., and McLachlan and Peters, Js.*

Argued December 1, 2005—officially released February 28, 2006

---

*The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Myra L. Graubard,* for the appellant (plaintiff).

*Catherine Biondo,* with whom, on the brief, was *Michael D. Kern,* for the appellee (JP Morgan Chase & Company).

*Opinion*

PETERS, J. General Statutes § 52-356b[1] authorizes a court to issue a turnover order to enable a judgment creditor to levy on specified personal property of the judgment debtor that is in the possession of a third party. The issue in this case is whether the judgment creditor sufficiently identified the personal property as that of the judgment debtor. The property consists of two bank accounts opened by the judgment debtor in which he described himself as president of a limited liability company. The trial court declined to issue the turnover order because, in its view, the judgment creditor failed to establish that the limited liability company was a fictitious entity. We disagree. Accordingly, we reverse the judgment of the trial court.

---

[1] General Statutes § 52-356b provides in relevant part: "(a) If a judgment is unsatisfied, the judgment creditor may apply to the court for an execution and an order in aid of the execution directing the judgment debtor, or any third person, to transfer to the levying officer either or both of the following: (1) Possession of specified personal property that is sought to be levied on . . . .

"(b) The court may issue a turnover order pursuant to this section, after notice and hearing or as provided in subsection (c), on a showing of need for the order. If the order is to be directed against a third person, such person shall be notified of his right pursuant to section 52-356c to a determination of any interest claimed in the property."

On December 24, 2003, the plaintiff, Sarasota CCM, Inc., filed a complaint against the defendants, Golf Marketing, LLC, and Kevin Kolenda, alleging that they had failed to pay their debt on a credit card account that had been assigned to the plaintiff. A default judgment in the amount of $8791.73 was entered against the defendants on March 29, 2004. The plaintiff served a bank execution on the Bridgeport office of JP Morgan Chase & Company, also known as JP Morgan Chase Bank, N.A., (Chase) that was returned unsatisfied.[2]

On October 12, 2004, the plaintiff filed the application for a turnover order in aid of execution that is at issue in this appeal. The plaintiff served the turnover application on Chase and on Kolenda. Chase acknowledged that it had two accounts on which Kolenda was the sole signatory, but noted that, for each account, Kolenda had identified himself not as an individual depositor but as president of Hole-in-Won.com, LLC. On the merits of the plaintiff's claim, Chase properly took the position that it was a stakeholder and would comply with whatever order the court would issue. Although properly served with notice of the hearing, Kolenda did not appear to defend against the turnover order.

In support of the turnover application, the plaintiff alleged that the bank accounts were actually the property of Kolenda because Hole-in-Won.com, LLC, was a fictitious entity. In addition to identifying characteristics of the documentation of the accounts that allegedly cast doubt on the accuracy of some of the representations contained therein, the plaintiff provided the trial court with a certificate from the office of the Connecticut secretary of the state indicating that it had no record that Hole-in-Won.com, LLC, was either a duly organized

---

[2] Chase returned the bank execution with the notation that "the name of the debtor brings up a different tax I.D. number. . . . Debtor is only a signer on this [account]. The account is a Corporate account."

Connecticut limited liability company or a foreign limited liability company.

The trial court denied the application for a turnover order. It held that the plaintiff had not met its burden of proof of establishing that Hole-in-Won.com, LLC, did not exist. Accordingly, it ruled that the plaintiff had failed to demonstrate that the Chase bank accounts were assets owed by Kolenda. The court thereafter denied the plaintiff's motion to reargue.

In its appeal, the plaintiff has raised two issues. It maintains that the trial court improperly concluded that the plaintiff failed to prove that (1) the bank accounts were owned by Kolenda and (2) Hole-in-Won.com, LLC, was a fictitious entity. Because we agree with the plaintiff with respect to the first issue, we reverse the judgment of the court on that ground and direct the issuance of the turnover order that the plaintiff seeks.[3]

The law of turnover orders is entirely statutory. Under the circumstances of this case, two statutes are controlling. General Statutes § 52-356b (a) authorizes a court, at the request of an unpaid judgment creditor, to direct "any third person, to transfer to the levying officer . . . [p]ossession of specified personal property *that is sought to be levied on* . . . ." (Emphasis added.) General Statutes § 52-367b (a) provides in relevant part that "[e]xecution may be granted . . . against any debts due from any financial institution to a judgment debtor who is a *natural person*, except to the

---

[3] We agree, however, with Chase that the plaintiff did not establish that Chase had any legal obligation to obtain proof that Hole-in-Won.com, LLC, was a legal entity prior to allowing the bank accounts to be opened. We also agree with Chase that it is not "directly" liable for the amounts sought by the turnover application. The plaintiff has not established that Chase's refusal to honor the writ of execution obligated Chase to pay the amount of money in the bank accounts from its own funds. During the pendency of this appeal, the funds at issue are restrained pursuant to an order issued by the trial court.

extent such debts are protected from execution . . . ." (Emphasis added.) No exemption statutes are relevant here.

These statutes have not been extensively litigated. In *Fleet Bank Connecticut, N.A.* v. *Carillo*, 240 Conn. 343, 691 A.2d 1068 (1997), our Supreme Court considered whether a judgment creditor was entitled to a turnover order for the entire balance of a joint bank account even though only one of the coholders was a judgment debtor. In furtherance of the legislature's intent to allow a judgment creditor to execute against all forms of a judgment debtor's assets, the court concluded that such a creditor was entitled to reach any property in which the judgment debtor had a cognizable interest. Id., 349. Pursuant to the law governing joint bank accounts, the court held that a turnover order properly encompassed all of the funds in such an account.

The principal issue in this case is, therefore, whether the plaintiff has proven that it has a cognizable interest in the two Chase bank accounts in which Kolenda described himself as president of Hole-in-Won.com, LLC. As framed by the court, this claim devolves into the question of whether the plaintiff has proven that Hole-in-Won.com, LLC, is a fictitious, nonexistent entity. It is undisputed that, if the funds held by Chase belong to Kolenda, the plaintiff is entitled to access these funds to satisfy its judgment against him.

The principal evidence that the plaintiff presented at trial consisted of uncontested documentation associated with the two bank accounts that Kolenda opened at Chase. Each was opened in the name of Hole-in-Won.com, LLC. One was a business checking account and the other was a business money market account.

The business checking account, account number 391-5002582-65, was opened on July 10, 2001. Kolenda is identified, in the account application, as the president

of Hole-in-Won.com, LLC, and as the sole signatory of the account. The application also listed Kolenda's home address and social security number as the relevant identifiers for the account. Although the application form had a section entitled, "This Section for Corporations Only," that section was left blank. Instead, the application was accompanied by a partnership letter and security agreement, dated June 29, 2001, which identified Kolenda as the sole limited partner of a partnership. A subsequent printout for this account, dated November 19, 2004, continued to identify Hole-in-Won.com, LLC, as the depositor of the business checking account. It contained, however, a different home address for Kolenda and a different taxpayer identification number, 06-1599769.[4]

The business money market account, account number 391-5003577-65, was opened on September 3, 2002. For this account, from the outset, the social security-taxpayer identification number was listed as 06-1599769. Kolenda was again identified as the sole signatory of the account.

In addition, the plaintiff introduced into evidence a certificate from the office of the Connecticut secretary of the state. This certificate, dated December 1, 2004, stated: "I, the Connecticut Secretary of the State, and keeper of the seal thereof, DO HEREBY CERTIFY, that as of the date of this certificate a careful examination of the records of this office fails to reveal a Connecticut or Foreign business by the name of Hole-in-Won.com, LLC."

We are persuaded that, taken in its entirety, this evidence entitled the plaintiff to the turnover order that it sought without direct proof that Hole-in-Won.com,

---

[4] Chase cited the existence of this taxpayer identification number as the reason for its decision not to honor the bank execution that the plaintiff had served on it.

LLC, is a ficitious entity. It bears emphasis that the true parties at interest in this case are the plaintiff and Kolenda. Kolenda, although duly served, chose not to appear to contest the turnover order.

With respect to Kolenda, the plaintiff has at least made out a prima facie case that it has a cognizable interest in the funds in the business checking account, which Kolenda opened using his own social security number under circumstances manifesting ambiguity about the nature of his relationship to Hole-in-Won.com.[5] Buttressed by the certificate of the secretary of the state, this evidence was sufficient to create a strong presumption that the business checking account was Kolenda's own property. See *Berchtold* v. *Maggi*, 191 Conn. 266, 270–71, 464 A.2d 1 (1983); *Franklin Credit Management Corp.* v. *Nicholas*, 73 Conn. App. 830, 842, 812 A.2d 51 (2002), cert. denied, 262 Conn. 937, 815 A.2d 136 (2003). Having been afforded the opportunity to offer rebuttal evidence, Kolenda chose not to do so. Unrebutted, the evidence sufficed to entitle the plaintiff to a turnover order.

On this record, we conclude that the trial court improperly declined the request of the plaintiff for a turnover order to enable the plaintiff to collect its judgment. Examined in its entirety, the information revealed by the business checking account application and by the certification by the secretary of the state was sufficient to establish a prima facie case for the issuance of the order.

The judgment is reversed and the case is remanded with direction to issue a turnover order for the benefit of the plaintiff.

In this opinion the other judges concurred.

---

[5] The balance in that account as of November 4, 2004, was $49,696.94.